THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JILL GUTZWILLER,

    Plaintiff,

v.

CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, SUPERINTENDENT TERRY HILLARD, LYDIA CONLISK, JOHN DOE, AND OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY, AND HENRY GUTZWILLER,

    Defendants.

Case No. 03C 7598

JUDGE ANDERSEN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

Plaintiff Demands Trial By Jury

DOCKETED
OCT 2 9 2003

## COMPLAINT

Plaintiff, JILL GUTZWILLER, complaining against Defendants, CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, SUPERINTENDENT TERRY HILLARD, LYDIA CONLISK, JOHN DOE, AND OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY, AND HENRY GUTZWILLER, states as follows:

### INTRODUCTION

1. Plaintiff brings this action to seek reinstatement and back pay (among other things) with the City of Chicago Police Department and to redress acts of unlawful and discriminatory termination based on her gender, race, and disability under Title VII of the Civil Rights Act of 1964 and under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. against Defendants CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT (Count I); for deprivation of her equal protection rights based on the unlawful and discriminatory termination based on her gender, race, and disability and failure to protect Plaintiff from further incident by Defendant GUTZWILLER under 42 U.S.C. § 1983 against Defendants CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, TERRY HILLARD, LYDIA CONLISK, JOHN DOE, AND OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY (Count II), for violations of her first amendment rights in that she was terminated

for complaining about domestic violence and stalking under 42 U.S.C. § 1983 against Defendants CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, TERRY HILLARD, LYDIA CONLISK, JOHN DOE, AND OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY (Count III); and supplemental state law claims against Defendant HENRY GUTZWILLER for assault and battery (Count IV), intentional infliction of emotional distress (Count V), intentional interference with business (Count VI), and defamation (Count VII).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Count I pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 28 U.S.C. §1331; over Count II pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343, over Count III pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, over Counts IV, V, VI, and VII pursuant to the Court's supplemental jurisdiction as codified in 28 U.S.C. §1367(a).

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

## ADMINISTRATIVE PROCEDURE

4. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

5. On June 21, 2002, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") against Defendant City of Chicago. Plaintiff received a Right to Sue Letter on or about August 1, 2003.

## PARTIES

6. Plaintiff JILL GUTZWILLER is a white female residing within the Northern District of Illinois. She was employed as a Probationary Police Officer by the City of Chicago and City of Chicago Police Department from June 25, 2001 until her termination on or about June 5, 2002.

7. Plaintiff is disabled within the meaning of the American With Disabilities Act ("ADA").

8. Defendant CITY OF CHICAGO is an Illinois Municipal Corporation and body politic organized and existing under the Constitution of the State of Illinois and laws of the State of Illinois, and is located within the geographical jurisdiction of this Court.

9. Defendant CITY OF CHICAGO is engaged in an industry affecting commerce and employs more than 15 employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

10. Defendant CITY OF CHICAGO administers itself through its departments, one of which is the CHICAGO POLICE DEPARTMENT.

11. Defendant TERRY HILLARD, at all relevant times to this Complaint, was the Superintendent of the CITY OF CHICAGO POLICE DEPARTMENT and served in that position until in or about August 2003. Defendant TERRY HILLARD is sued in his individual capacity as the Superintendent of the CITY OF CHICAGO POLICE DEPARTMENT with respect to Plaintiff's claim that she was subject to unlawful and discriminatory termination. Defendant HILLARD made the decision in whole or in part to terminate Plaintiff's position as a Probationary Police Officer from the City of Chicago Police Department.

12. Defendant LYDIA CONLISK at all relevant times to this Complaint was employed as an investigator with the Office of Professional Standards with the City of Chicago Police Department. Defendant CONLISK is sued in her individual capacity. Defendant CONLISK pursuant to policy and practice made the recommendation that Plaintiff's position as a Probationary Police Officer from the City of Chicago Police Department should be terminated.

13. Defendants JOHN DOE and OTHER UNKNOWN DEFENDANTS at all relevant times to this Complaint were employed by Defendant CITY OF CHICAGO and made the decision in whole or in part to terminate Plaintiff's position as a Probationary Police Officer from the City of Chicago Police Department.

14. Defendants CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT are and were responsible for the acts of its command staff and supervisors, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or practice of gender,

racial, and disability discrimination, and violations individuals' rights of Equal Protection and First Amendment under the Fourteenth Amendment to the Constitution of the United States.

15. Defendants TERRY HILLARD, LYDIA CONLISK, JOHN DOE, and OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY acted under color of state law at all material times hereto.

16. Defendant HENRY GUTZWILLER at all relevant times was a citizen of Illinois residing in the Northern District of Illinois. Defendant GUTZWILLER was at all relevant times married to Plaintiff.

## FACTS UPON WHICH CLAIMS ARE BASED

17. On June 25, 2001, Plaintiff was appointment to the City of Chicago Police Department as a sworn police officer, with a probationary period of 12 months.

18. At all relevant times, Plaintiff GUTZWILLER fulfilled her assigned duties as police officer satisfactorily.

19. In February of 2002, Plaintiff asked Defendant Henry Gutzwiller for a divorce. Thereafter, Defendant Henry Gutzwiller became abusive and began stalking and harassing Plaintiff both during her tour of duty as a Probationary Police Officer for the City of Chicago and while Plaintiff was off duty.

20. On March 2, 2002, Defendant Gutwiller committed an assault and battery on Plaintiff by shoving her forcefully to the point where she fell against the couch and landed on free weights on the floor. This occurred in front of their minor child. Plaintiff received bruises as a result of this incident.

21. Plaintiff called the police and filed a police report that same day.

22. Plaintiff also informed her superiors about the incident.

23. On March 3, 2002, the court ordered as a special condition of bond that Defendant "not contact or communicate with any complaining witness(es) or member(s) of their immediate families or Jill Gutzwiller," including restraining Defendant from "not go to the area or premises of victim at home, work, or school."

24. On March 5, 2002, Plaintiff received an Emergency Order of Protection against Defendant HENRY GUTZWILLER.

25. Defendant HENRY GUTZWILLER continually threatened Plaintiff, and directed others to do the same, that if she did not drop the criminal charges against him and the Petition for the Order of Protection, he would file a false complaint with the Chicago Police Department's Office of Professional Standards ("OPS") and that he would make sure she lost her job.

26. On March 18, 2002, the court, hearing the criminal charges and Plaintiff's Petition for Order of Protection, granted Plaintiff's Petition and a Plenary Order of Protection was in place against Defendant Henry Gutzwiller.

27. Defendant GUTZWILLER continually violated the Order of Protection.

28. Plaintiff brought this to the attention of the Chicago Police Department. The Chicago Police Department failed to respond and refused to charge Defendant Henry Gutzwiller with violating the Order of Protection.

29. On April 27, 2002, Plaintiff filed another police report against Defendant Henry Gutzwiller for violating the Order of Protection.

30. On or about April 30, 2002, Plaintiff was informed by Defendant CITY OF CHICAGO'S OPS that Defendant GUTZWILLER had filed charges against her with OPS. Defendant GUTZWILLER had made good on his threats to file false charges against her with OPS in an attempt to force her to drop the criminal charges against him and in an attempt to interfere with Plaintiff's employment with the City of Chicago Police Department.

31. Plaintiff's witnesses gave statements to OPS, stating in effect, that Defendant GUTZWILLER had told them that he wanted to make Plaintiff lose her job with the Chicago Police Department, and that he would drop the charges he filed with OPS if Plaintiff would drop the criminal charges against him.

32. Plaintiff repeatedly attempted to provide information to her supervisors that would exculpate Plaintiff and show that Defendant GUTZWILLER'S allegations against her were false. However, Plaintiff's supervisors and command staff refused to take the information and failed and refused to forward that information to OPS.

33. Plaintiff repeatedly attempted to provide information to Defendant City of Chicago's OPS that would exculpate Plaintiff and show that Defendant GUTZWILLER'S allegations against her were false. Defendant's OPS failed and refused to consider information

provided by Plaintiff and other witnesses and failed and refused conduct an adequate investigation into the matter.

34. On May 31, 2002, Defendant CITY OF CHICAGO POLICE DEPARTMENT'S OPS erroneously made a "sustained" finding against Plaintiff for the false charges that were brought by Defendant GUTZWILLER against Plaintiff.

35. On June 5, 2002, Defendants CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT unlawfully terminated Plaintiff's employment as a probationary police officer.

36. On or about November 20, 2002, Defendant Henry Gutzwiller again violated the Order of Protection.

37. On or about January 28, 2003, the Court found Defendant Henry Gutzwiller guilty of violating the Order of Protection based on the charges brought by Plaintiff in March of 2002 and April 2002.

38. Defendant Henry Gutzwiller later plead guilty to subsequent violations of the Order of Protection.

39. Defendant HILLARD based on policy and practice should have and did sign off on the decision to terminate Plaintiff's employment with the City of Chicago Police Department.

40. Defendant CONLISK conducted the OPS investigation against Plaintiff and failed and refused to consider and/or obtain evidence that would and did exonerate Plaintiff from said charges. Defendant Conlisk also recommended, approved of, and/or signed off on the decision to terminate Plaintiff's employment with the City of Chicago Police Department.

41. Defendant DOE and OTHER UNKNOWN DEFENDANTS also approved and signed off on the decision to terminate Plaintiff's employment with the City of Chicago Police Department.

42. Male and non-white police officers were not terminated for similar and more egregious acts as alleged against Plaintiff.

43. Police officers who were not disabled were not terminated for similar and more egregious acts as alleged against Plaintiff.

44. Defendants CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT have engaged in a pattern and practice of discrimination against women because of their gender and against female white employees because of their race and gender.

45. Defendants CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT have engaged in a pattern and practice of discrimination against employees who are disabled, perceived to be disabled, and/or have a record of disability.

46. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

47. Defendants CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, HILLARD, and CONLISK, DOE, and OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY terminated Plaintiff and/or caused Plaintiff to be terminated from her employment as a City of Chicago Police Officer because of her gender, race, and disability.

48. Defendants CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, HILLARD, and CONLISK, DOE, and OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY terminated Plaintiff and/or caused Plaintiff to be terminated from her employment as a City of Chicago Police Officer because she complained about domestic violence and stalking directed at her and her son, for filing a police report against her husband as a result of the abuse, for bringing charges against him for assault and battery, and for bringing charges against him for violating the Order of Protection.

**COUNT I**
**(Title VII and ADA – Sex, Race, and Disability Discrimination)**

49. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT.

50. The actions of Defendants City of Chicago and Chicago Police Department as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff because of her sex and race in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq., and based on her disability, perceived disability, and record of disability in violation of the American With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.

51. Plaintiff suffered and continues to suffer from a serious physical hearing impairment, which has resulted in the loss of hearing. Said disability substantially limits her major life activity of hearing. 29 C.F.R. §1630.2(g) and (j) (1991).

52. Defendant City of Chicago and the Chicago Police Department is a covered entity and employer subject to the Americans with Disabilities Act as defined in Section 12111.

53. At the time of her discharge by Defendant City of Chicago, Plaintiff suffered from a disability within the meaning of the ADA in one or more of the following respects:

   A. Plaintiff's hearing loss substantially limits her in one or more of the major life activities, including her ability to hear;

   B. Plaintiff had a record of disability and treatment through medical diagnosis and treatment;

   C. Plaintiff was regarded by Defendant City of Chicago as having a serious impairment, and in being limited in one or more of the substantial major life activities set forth in paragraph (A) above.

54. At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability. She satisfied all the requisite skill, experience, education and job qualifications of the job for which the City of Chicago hired her and she was capable of performing the essential job functions of her employment.

55. Plaintiff has exhausted all administrative procedures pre-requisite to this action by filing timely charges of discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

56. Defendants City of Chicago and Chicago Police Department intentionally subjected Plaintiff to unequal and discriminatory treatment by terminating her from her position of Probationary Police Officer.

57. Similarly situated male, non-white employees, and non-disabled employees were not terminated for similar or more egregious acts as alleged against Plaintiff.

58. Defendants terminated Plaintiff in full or in part because she was female, white, and disabled within the meaning of 42 U.S.C. §12112.

59. The actions of Defendants City of Chicago and Chicago Police Department in engaging in and condoning gender, racial, and disability discrimination against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff seeks the following relief as to Count I of the Complaint:

A. Reinstatement to the position of police officer with the City of Chicago Police Department;

B. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

C. Compensatory damages in an amount to be determined at trial;

D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

E. A permanent injunction requiring the Defendants adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

F. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. An award of reasonable attorneys' fees, costs, and litigation expenses; and

H. Such other relief as the Court may deem just or equitable.

### COUNT II
### (1983 Violation of Equal Protection – Gender, Race, and Disability Discrimination)

60. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, SUPERINTENDENT TERRY HILLARD, LYDIA CONLISK, JOHN DOE, and OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY.

61. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by terminating her employment and/or causing her employment to be terminated with the City of Chicago Police Department.

62. The actions of Defendants CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT reflect a policy, custom, or pattern of official conduct of engaging in and condoning discrimination and unequal treatment of individuals based on, in part or in full, their:

    A. Gender;

    B. Race;

    C. Disability; and

    D. Status as victims of domestic violence.

63. The actions of Defendants against Plaintiff violated her equal protection right to be free from discrimination based on her gender, race, disability, and status as a victim of domestic violence under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

64. Defendants intentionally subjected Plaintiff to unlawful and discriminatory termination in violation of her equal protection rights under the United States Constitution by terminating her from her position of Probationary Police Officer.

65. Defendants intentionally subjected Plaintiff to unequal treatment by failing to protect her from further domestic abuse, stalking, and the extortionist and retaliatory acts of Defendant GUTZWILLER in violation of her equal protection rights under the United States Constitution by terminating her from her position of Probationary Police Officer.

66. Defendants deprived Plaintiff her rights of equal protection under the law by granting hearings for male probationary police officers and depriving Plaintiff of a hearing and the opportunity to be heard.

67. Defendant HILLARD at all relevant times was a policy maker for the City of Chicago Police Department and has final policy making authority.

68. The actions of Defendants CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT in engaging in and condoning unequal treatment against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

69. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**WHEREFORE,** Plaintiff seeks the following relief as to Count II of the Complaint:

- A. Reinstatement to the position of police officer with the City of Chicago Police Department;

- B. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

- C. Compensatory damages in an amount to be determined at trial;

- D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

- E. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983;

- F. A declaratory judgment that Defendants' actions violated the Equal Protection Clause to the United States Constitution;

- G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

- H. Punitive damages as allowed by law as against the Defendants sued in their individual capacity;

- I. An award of reasonable attorneys' fees, costs, and litigation expenses; and

- J. Such other relief as the Court may deem just or equitable.

## COUNT III
## (1983 Violation of First Amendment)

70. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against Defendants CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, SUPERINTENDENT TERRY HILLARD, LYDIA CONLISK, JOHN DOE, and OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY.

71. Defendants intentionally retaliated against Plaintiff for complaining about domestic violence, stalking directed at her and her son, for filing a police report against her husband as a result of the abuse, bringing charges against him for assault and battery, and bringing charges against him for violating the Order of Protection by terminating Plaintiff's employment with the City of Chicago Police Department.

72. The actions of the Defendants against Plaintiff violated her rights of free speech under the First Amendment to the United States Constitution as applicable to the states by the Fourteenth Amendment and 42 U.S.C. §1983.

73. Plaintiff's statements addressed constitutionally protected matters of public concern.

74. The actions of the Defendants in intentionally engaging in retaliation and harassment against Plaintiff caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

75. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. §1983 and the Civil Rights Act of 1991.

**WHEREFORE,** Plaintiff seeks the following relief as to Count III of the Complaint:

    A.    Reinstatement to the position of police officer with the City of Chicago Police Department;

    B.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

    C.    Compensatory damages in an amount to be determined at trial;

  D. A permanent injunction enjoining the Defendants from engaging in the discriminatory practices complained of herein;

  E. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983;

  F. A declaratory judgment that Defendants' actions violated the First Amendment to the United States Constitution;

  G. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

  H. Punitive damages as allowed by law as against the Defendants sued in their individual capacity;

  I. An award of reasonable attorneys' fees, costs, and litigation expenses; and

  J. Such other relief as the Court may deem just or equitable.

## SUPPLEMENTAL STATE LAW CLAIMS

### COUNT IV
### (Assault and Battery)

76. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against Defendant HENRY GUTZWILLER.

77. On March 2, 2002 without cause or provocation, Defendant HENRY GUTZWILLER committed an assault and battery on Plaintiff by shoving her forcefully to the point where she fell against the couch and landed on free weights on the floor.

78. Plaintiff received bruises as a result of this incident.

79. Defendant's actions caused Plaintiff to be in fear of her safety and well-being.

80. Defendant thereby intentionally and unlawfully threatened injury by force to the person of Plaintiff, which under the circumstances created in Plaintiff a well-founded fear of imminent peril, and Defendant had the apparent present ability to and did effectuate and complete the injury so threatened.

81. Defendant GUTZWILLER'S assault and battery of Plaintiff described herein were performed without her consent and against her will, and resulted in harmful and/or offensive contact to Plaintiff.

82. At all relevant times to this action, Defendant GUTZWILLER knew or reasonably should have known that his conduct was harmful and/or offensive to Plaintiff.

83. Defendant GUTZWILLER'S actions as alleged herein were willful, malicious, and intentional and were taken with wanton disregard of Plaintiff's well-being.

84. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered severe physical and emotional damages resulting in and among the following: the need for psychological treatment, pain and suffering, humiliation, severe emotional distress, future economic loss inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff seeks the following relief as to Count IV of the Complaint:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages as allowed by law as against Defendant;

C. An award of reasonable attorneys' fees, costs, and litigation expenses; and

D. Such other relief as the Court may deem just or equitable.

## COUNT V
### (Intentional Infliction of Emotional Distress)

85. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against Defendant HENRY GUTZWILLER.

86. The intentional acts of Defendant GUTZWILLER constitute extreme and outrageous conduct, beyond the bounds of decency, which inflicted severe emotional distress and mental anguish on Plaintiff.

87. As a proximate result of Defendant's unlawful acts, Plaintiff has suffered severe mental anxiety and emotional and physical distress.

88. Defendant GUTZWILLER acted willfully and maliciously with respect to his treatment of Plaintiff.

**WHEREFORE**, Plaintiff seeks the following relief as to Count V of the Complaint:

A. Economic losses Plaintiff sustained and will sustain as a result of the intentional infliction of emotional distress, including prejudgment interest on such amounts;

B. Compensatory damages in an amount to be determined at trial;

C. Punitive damages as allowed by law as against Defendant;

D. An award of reasonable attorneys' fees, costs, and litigation expenses; and

E. Such other relief as the Court may deem just or equitable.

## COUNT VI
### (Intentional Interference With Business)

89. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against Defendant HENRY GUTZWILLER.

90. The acts of Defendant as enumerated in paragraphs 1-48 *supra* were intentional and purposeful with the intent of interfering with Plaintiff's employment with the City of Chicago Police Department.

91. Plaintiff had a valid employment relationship with the City of Chicago.

92. Defendant had knowledge of that relationship and expectancy.

93. Defendant through his conduct and defamatory and false statements caused a breach of Plaintiff's employment and business relationship with the City of Chicago and a breach of her expectancy to perform services for the City of Chicago as a police officer without interference, and as a result of Defendant's conduct, Plaintiff has suffered damages.

94. As a result of Defendant's actions, Plaintiff has incurred and continues to incur substantial damages, including but not limited to the following: loss of employment with the City of Chicago Police Department, loss of wages and compensation for health insurance, damage to her reputation, emotional distress, and attorneys' fees.

95. The actions of Defendant were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights, reputation, and right to be free of intentional interference with her employment with the City of Chicago Police Department.

**WHEREFORE,** Plaintiff seeks the following relief as to Count VI of the Complaint:

A. All wages and benefits Plaintiff would have received but for Defendant's conduct, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A temporary and permanent injunction enjoining Defendant from interfering with Plaintiff's business and prospective business and preventing further irreparable harm to Plaintiff;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the conduct complained of herein and is determined to be in full compliance with the law;

E. Punitive damages as allowed by law as against Defendant;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

## COUNT VII
### (Defamation and Slander)

96. Plaintiff restates and realleges by reference paragraphs 1 through 48 as if fully set forth herein against Defendant HENRY GUTZWILLER.

97. The acts of Defendant as enumerated in paragraphs 1-48 *supra* were intentional and purposeful with the intent of interfering with Plaintiff's employment with the City of Chicago Police Department.

98. The nature of the false statements by Defendant were harmful to Plaintiff's reputation because the false statements impute to Plaintiff the commission of criminal and unlawful acts, the lack of ability in Plaintiff's performance of her profession, and a want of integrity, thereby making the statements defamatory *per se*; alternatively, the character of the false statements are defamatory *per quod*.

99. As a result of the publication of false statements by Defendant, Plaintiff has suffered harm to her professional reputation, her contractual and employment relationship with the City of Chicago Police Department, damages, lost wages, pain and suffering, emotional distress, embarrassment, humiliation.

100. The actions of Defendant were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights, reputation, and right to be free from defamatory and slanderous statements.

**WHEREFORE**, Plaintiff seeks the following relief as to Count VII of the Complaint:

A. All wages and benefits Plaintiff would have received but for Defendant's conduct, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

B. Compensatory damages in an amount to be determined at trial;

C. A temporary and permanent injunction enjoining Defendant from making further defamatory statements and damaging Plaintiff's reputation and interfering with Plaintiff's employment and prospective business and preventing further irreparable harm to Plaintiff;

D. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the conduct complained of herein and are determined to be in full compliance with the law;

E. An award of punitive damages against Defendant;

F. An award of reasonable attorneys' fees, costs, and litigation expenses; and

G. Such other relief as the Court may deem just or equitable.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Dana L. Kurtz
KURTZ LAW OFFICES, LLC
75 East Wacker Drive, Suite 700
Chicago, Illinois 60601
Phone: 312.658.1212
Facsimile: 312.658.0484

Laurie S. Hickman
LAW OFFICE OF ROBERT KUZAS
150 North Wacker Drive, Suite 2020
Chicago, Illinois 60606
Phone: 312.629.1400

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of **JILL GUTZWILLER v. CITY OF CHICAGO, ET AL.**

Case Number: **03C 7598**

Honorable

Magistrate

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**PLAINTIFF JILL GUTZWILLER**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE *JUDGE ANDERSEN* |
| NAME DANA L. KURTZ | NAME *MAGISTRATE JUDGE GERALDINE SOAT BROWN* |
| FIRM KURTZ LAW OFFICES, LLC | FIRM |
| STREET ADDRESS 75 East Wacker Drive, Suite 700 | STREET ADDRESS **DOCKETED** |
| CITY/STATE/ZIP CHICAGO, ILLINOIS 60601 | CITY/STATE/ZIP **OCT 2 9 2003** |
| TELEPHONE NUMBER (312) 658.1212 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6256245 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES / NO X | MEMBER OF TRIAL BAR? YES / NO |
| TRIAL ATTORNEY? YES X / NO | TRIAL ATTORNEY? YES / NO |
| | DESIGNATED AS LOCAL COUNSEL? YES / NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES / NO | MEMBER OF TRIAL BAR? YES / NO |
| TRIAL ATTORNEY? YES / NO | TRIAL ATTORNEY? YES / NO |
| DESIGNATED AS LOCAL COUNSEL? YES / NO | DESIGNATED AS LOCAL COUNSEL? YES / NO |





NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** JILL GUTZWILLER

**Defendant(s):** CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, SUPERINTENDENT TERRY HILLARD, LYDIA CONLISK, JOHN DOE, AND OTHER UNKNOWN DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY, AND HENRY GUTZWILLER

County of Residence: COOK

County of Residence: COOK

Plaintiff's Atty: Dana L. Kurtz
Kurtz Law Offices, LLC
75 East Wacker Drive, Suite 700, Chicago, Illinois 60601
312.658.1212

Defendant's Atty:

**DOCKETED 03C 7598 OCT 2 9 200**

**JUDGE ANDERSEN**

**MAGISTRATE JUDGE GERALDINE SOAT BROWN**

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties (Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

IV. Origin : 1. Original Proceeding

V. Nature of Suit: 442 Employment

VI. Cause of Action: Title VII and 42 U.S.C. 1983

VII. Requested in Complaint
    Class Action: No
    Dollar Demand:
    Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: October 27, 2003

FILED-ED5 03 OCT 27 PM 4: 34 CLERK U.S. DISTRICT COURT

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it.

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm      10/27/2003