# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 7598 | **DATE** | 7/8/2004 |
| **CASE TITLE** | Jill Gutzwiller vs. City of Chicago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, defendants City of Chicago and Hillards' motion to dismiss [11-1,2] Counts III, IV through VII, and the Chicago Police Department is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 3 2004 | 29 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 JUL 12 AM 8:42 | JUL 1 3 2004 | |
| | | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JILL GUTZWILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 C 7598 |
| ) | |
| CITY OF CHICAGO, CHICAGO ) | |
| POLICE DEPARTMENT, ) | Honorable Judge Wayne Andersen |
| SUPERINTENDENT TERRY ) | Magistrate Judge Geraldine Soat Brown |
| HILLARD, LYDIA CONLISK, ) | |
| JOHN DOE, AND OTHER ) | |
| UNKNOWN DEFENDANTS, IN ) | |
| THEIR INDIVIDUAL CAPACITY, ) | |
| AND HENRY GUTZWILLER, ) | |
| ) | |
| Defendants. ) | |

DOCKETED JUL 1 3 2004

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on defendants City of Chicago and Terry Hillard's motion to dismiss Count III pursuant to Rule 12(b)(6) and to dismiss Counts IV through VII pursuant to Rule 12(b)(1). Defendants also seek to dismiss the Chicago Police Department as a party defendant. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Jill Gutzwiller is a white female who was employed as a probationary police officer by the City of Chicago Police Department. On or about June 5, 2002, Ms. Gutzwiller was discharged from her employment with the City of Chicago Police Department.

On March 2, 2002, Ms. Gutzwiller called the police, filed a police report, and informed her superiors of injuries to her caused by her husband. On March 5, 2002, Ms. Gutzwiller

received an Emergency Order of Protection against her husband. On March 18, 2002, the court granted Ms. Gutzwiller's Plenary Order of Protection against Mr. Gutzwiller. Mr. Gutzwiller was later found guilty of continuously violating this Order of Protection. At the time of violations, Ms. Gutzwiller informed the Chicago Police Department of the violations and, dissatisfied with the response, filed another police report against Mr. Gutzwiller on April 27, 2002.

On or about April 30, 2002, Ms. Gutzwiller was informed by the City of Chicago Office of Professional Standards (hereinafter "OPS") that Mr. Gutzwiller had filed charges against her. Ms. Gutzwiller submitted information to her superiors that she believed showed that the allegations against her were false. On May 31, 2002, the Chicago Police Department's OPS made a "sustained" finding against Ms. Gutzwiller for the charges that were brought by Mr. Gutzwiller. On June 5, 2002, the Chicago Police Department terminated Ms. Gutzwiller's employment as a probationary officer.

On October 27, 2003, Ms. Gutzwiller filed a seven-count complaint against the City of Chicago, the Chicago Police Department, Terry Hillard, Lydia Conlisk, John Doe, other unknown defendants, and Henry Gutzwiller. Specifically, the complaint contains the following claims: (1) Count I alleges a violation of Title VII and the Americans with Disabilities Act for discharging Ms. Gutzwiller because she is a white female who suffers from a serious hearing impairment; (2) Count II asserts a claim for unequal and discriminatory treatment for her discharge; (3) Count III alleges a violation of the First Amendment as applicable to the states by the Fourteenth Amendment and 42 U.S.C. § 1983; (4) Count IV asserts a claim for assault and battery against Mr. Gutzwiller; (5) Count V alleges extreme and outrageous conduct by Mr.

2

Gutzwiller that resulted in emotional distress to Ms. Gutzwiller; (6) Count VI asserts a claim against Mr. Gutzwiller for intentional interference with employment; and (7) Count VII asserts a claim against Mr. Gutzwiller for defamation and slander.

The City of Chicago and Hillard filed a motion to dismiss the complaint pursuant to Federal Rule 12(b)(6) and 12(b)(1) for failure to support a claim and a lack of supplemental jurisdiction. The City of Chicago and Hillard argue that Count III should be dismissed because the complaint does not allege any matter of public concern to support the claim. The City of Chicago and Hillard also argue that Counts IV through VII should be dismissed for a lack of supplemental jurisdiction. The City of Chicago and Hillard also seek to dismiss the Chicago Police Department as a party defendant because the Chicago Police Department is not a suable entity.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.2d 363, 368 (7th Cir. 2000).

## DISCUSSION

### I. Count III Does Not State a Claim Upon Which Relief Can Be Granted

The City of Chicago and Hillard contend that Count III should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983. In Count III, Ms. Gutzwiller alleges a violation of her First Amendment right of free speech as applicable to the states under the 14th amendment and section 1983. Ms. Gutzwiller argues that her complaints are a matter of public concern and therefore constitutionally protected pursuant to section 1983.

The City of Chicago can be sued under section 1983 if the deprivation of constitutional rights is caused by a municipal policy or custom. *Monell v. Dept. of Soc. Serv.* 436 U.S. 658, 659 (1978). A plaintiff may demonstrate the existence of a municipal policy or custom in one of three ways: proof of express policy causing the loss, a widespread practice constituting custom or usage that caused the loss, or causation of the loss by a person with final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1978). Independent of finding a municipal policy, an employee's speech warrants First Amendment protection only if it "addresses a matter of public concern." *Connick v. Myers*, 461 U.S. 138, 147 (1982).

Speech is not protected by section 1983 if it involves a personal grievance of interest only to the employee. *Wainscott v. Henry*, 315 F.3d 844, 848 (7th Cir. 2003). To determine if a speech is a personal grievance or a matter of public concern, the court considers the time, place and manner of the affected speech. *Delgado v. Jones*, 282 F.3d 511, 517 (7th Cir. 2002). In *Barth v. Village of Mokena*, a plaintiff filed an action alleging retaliation against her for exercising her First Amendment rights. 2004 WL 434195, *1 (N.D. Ill. February 25, 2004). Plaintiff's speech contained complaints of her specifically being treated differently than other

4

employees in the terms and conditions of her employment and in her discharge. *Id.* at \*2. The complaint alleged that the local authorities had a policy and custom of treating differently those who complain about unlawful conduct. *Id.* at \*1. On the issues of gender discrimination and sexual harassment, the court found that while these topics are inherently a matter of public concern, speech by the plaintiff did not address public interest since it was only an expression that addressed the personal effect upon the employee. *Id.* at \*2 (quoting *Button v. Kibby-Brown*, 146 F.3d 526, 529-30 (7th Cir. 1998)).

Similar to the plaintiff in *Barth v. Village of Mokena*, Ms. Gutzwiller's alleged speech is concerned only with a personal effect on her rather than issues of public concern. Ms. Gutzwiller's speech is solely of a personal nature because it contained reference only to her discharge based on specific actions between her and her husband. In her section 1983 claim, Ms. Gutzwiller does not make any allegations of systematic misconduct by the City of Chicago. Therefore, while gender, race, and disability discrimination are generally areas of public concern, the circumstances surrounding Ms. Gutzwiller's speech demonstrate that it is solely a matter of private concern. For this reason, Count III is dismissed.

**II.      Supplemental Jurisdiction Is Improper for Counts IV through VII**

In Counts IV through VII, Ms. Gutzwiller alleges the following state law claims: assault and battery; intentional infliction of emotional distress; intentional interference with business; and defamation and slander. These claims are brought solely against defendant Henry Gutzwiller. Ms. Gutzwiller argues that these claims against Mr. Gutzwiller are so intertwined with her claims against the City of Chicago and Hillard that she should be permitted to bring her state claims along with her federal claims under 28 U.S.C. § 1367(a).

5

28 U.S.C. § 1367(a) states that "[i]n any civil action in which the district courts have original jurisdiction, the courts shall have supplemental jurisdictions over all other claims related to the claims in the original action as provided by Article III of the Constitution." 28 U.S.C. § 1367(a). In order to determine whether claims should be combined into one proceeding, courts apply the test laid out in *United Mine Workers v. Gibbs*: claims for which there is no independent basis for jurisdiction must arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The claims in this case do not arise out of the same nucleus of fact. The tort state law claims arise out of the alleged domestic violence actions of Mr. Gutzwiller. On the other hand, the federal law claims for discrimination arise out of the employment relationship between Ms. Gutzwiller and the City of Chicago. These claims are so unrelated that it is more efficient to the parties involved in this case to try the federal law claims separately from the state law claims.

In Count I of her complaint, Ms. Gutzwiller does not persuade us that her state law claims would be so intertwined with her federal claims so as to require them to be tried together. In this discrimination claim, Ms. Gutzwiller alleges that she was discriminated against because she is a white woman with a serious physical hearing impairment. Absent from each of these three categories is any discrimination based specifically on domestic violence and/or a supposedly false report submitted by Mr. Gutzwiller. In order to prevail on this claim, Ms. Gutzwiller would not need to prove the validity of any of her state law claims. Accordingly, the state law claims and the federal law claims are not so intertwined that the court has the need of trying these claims together.

Count II alleges unequal and discriminatory treatment by the City of Chicago when her employment was terminated. In this claim, Ms. Gutzwiller does not make any allegations about defendant Henry Gutzwiller in relation to her alleged discriminatory discharge. Whether or not the domestic violence occurred or the report is false is not a fact on which this motion depends. Instead, what is important to this count is Ms. Gutzwiller's employment relationship with the Chicago Police Department. The question of domestic violence and the reasoning behind Mr. Gutzwiller's report is more properly reserved for state court consideration. Thus, this Court declines to exercise its supplemental jurisdiction over the state law claims, and Counts IV through VII are dismissed.

## III. The Chicago Police Department Is Not a Suable Entity

The City of Chicago contends that the Chicago Police Department should be dismissed as a party to this case because the Chicago Police Department is not a suable entity. We agree. The Chicago Police Department does not enjoy a legal existence that is independent of the City of Chicago and cannot be sued as a separate entity. *Reese v. Chicago Police Dept.*, 602 F.Supp. 441, 443 (N.D. Ill. 1984). In applying *Reese*, courts have reasoned that claims that a plaintiff may bring against the Chicago Police Department are properly lodged against the City of Chicago. *Moseley v. City of Chicago*, 1991 WL 53765, *1, 8 (N.D. Ill. April 4, 1991). Accordingly, the Chicago Police Department is dismissed as a party defendant.

7

## CONCLUSION

For the foregoing reasons, defendants City of Chicago and Hillard's motion to dismiss Counts III, IV through VII, and the Chicago Police Department is granted.

```
                                    _____
                                        Wayne R. Andersen
                                        United States District Judge
```

Dated: July 8, 2004