IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL GUTZWILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 C 7598 |
| ) | |
| CITY OF CHICAGO, CHICAGO ) | |
| POLICE DEPARTMENT, ) | Wayne R. Andersen, District Judge |
| SUPERINTENDENT TERRY ) | |
| HILLARD, LYDIA CONLISK, ) | |
| JOHN DOE, OTHER ) | |
| UNKNOWN DEFENDANTS, IN ) | |
| THEIR INDIVIDUAL CAPACITY, ) | |
| and HENRY GUTZWILLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION AND ORDER

This matter comes before the court on defendants City of Chicago, Terry Hillard and Lydia Conlisk's motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. The defendants' motion for summary judgment encompasses plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and 42 U.S.C. § 1983. For the reasons set forth below, the defendants' motion for summary judgment is granted.

### I. BACKGROUND

Jill Gutzwiller is a white female who was employed as a probationary police officer by the City of Chicago Police Department from June 21, 2001 until June 5, 2002. On June 5, 2002, Ms. Gutzwiller was discharged from her employment with the City of Chicago Police

Department.

On March 2, 2002, Ms. Gutzwiller filed a police report against her husband, Henry Gutzwiller, for domestic battery. An emergency order of protection against her husband was granted March 5, 2002, and a plenary order of protection was granted on March 18, 2002. Ms. Gutzwiller informed the Chicago Police Department about alleged violations of the order, and, dissatisfied with the response, filed another police report against Mr. Gutzwiller on April 27, 2002.

On or about April 30, 2002, Ms. Gutzwiller was informed by the City of Chicago Office of Professional Standards (hereinafter "OPS") that Mr. Gutzwiller had filed a complaint against her on March 4, 2002, alleging that she passed the hearing portion of her physical at the police academy with a hearing aid, which she had since not worn. Mr. Gutzwiller also charged that on March 2, 2002, Ms. Gutzwiller had (1) physically abused him; (2) filed a false police report and filed false battery charges against him; and (3) verbally abused him by stating "fuck you." Mr. Gutzwiller later charged that on March 18, 2002, Ms. Gutzwiller had (4) verbally harassed him by calling him six times in two hours; and (5) made threats to him during those same phone calls. Mr. Gutzwiller additionally charged that Ms. Gutzwiller was responsible for (6) a telephone call to Mr. Gutzwiller's employer on April 3, 2002, made by an unknown male, alleging that Mr. Gutzwiller violated the order of protection; and likewise responsible for (7) a fax letter on April 4, 2002, which bore her name, but not her signature, and which contained specific details about Mr. Gutzwiller's alleged violation of the order of protection similarly contained in an affidavit written by Ms. Gutzwiller.

The OPS investigated the complaint against Ms. Gutzwiller pursuant to its internal policies, and sustained charges #4, 6, and 7 on May 31, 2002. In addition, the OPS added a charge of making a false report, in that Ms. Gutzwiller provided false information in her statement regarding the incidents with her husband, which was also sustained. On June 5, 2002, the Chicago Police Department terminated Ms. Gutzwiller's employment as a probationary officer.

On October 27, 2003, Ms. Gutzwiller filed a seven-count complaint against the City of Chicago, the Chicago Police Department, Terry Hillard, Lydia Conlisk, John Doe, other unknown defendants, and Henry Gutzwiller. Specifically, the complaint contained the following claims: (1) Count I alleged a violation of Title VII and the Americans with Disabilities Act for discharging Ms. Gutzwiller because she is a white female who suffers from a serious hearing impairment; (2) Count II asserted a claim for unequal and discriminatory treatment for her discharge under 42 U.S.C. § 1983; (3) Count III alleged a violation of the First Amendment as applicable to the states by the Fourteenth Amendment and 42 U.S.C. § 1983; (4) Count IV asserted a claim for assault and battery against Mr. Gutzwiller; (5) Count V alleged extreme and outrageous conduct by Mr. Gutzwiller that resulted in emotional distress to Ms. Gutzwiller; (6) Count VI asserted a claim against Mr. Gutzwiller for intentional interference with employment; and (7) Count VII asserted a claim against Mr. Gutzwiller for defamation and slander.

The City of Chicago and Hillard filed a motion to dismiss the complaint pursuant to Federal Rules 12(b)(6) and 12(b)(1) for failure to support a claim and lack of supplemental jurisdiction. On July 8, 2004, this Court granted the defendants City of Chicago and Hillard's motion to dismiss Counts III, IV through VII, and the Chicago Police Department. The Court

now considers defendants City of Chicago, Lydia Conlisk, and Terry Hillard's motion for summary judgment on Counts I and II.

## II. DISCUSSION

Summary judgment is proper only when the complete record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The moving party has the initial burden of demonstrating the absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The burden then shifts to the nonmoving party to establish that there are no genuine issues of material fact and that the nonmoving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court must draw every reasonable inference from the record in the light most favorable to the nonmoving party and should not make credibility determinations or weigh evidence. *Association Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir. 1994). The nonmoving party must support its assertions with admissible evidence and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits. *Celotex*, 477 U.S. at 324. Additionally, Rule 56(c) mandates summary judgment when the nonmoving party fails to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. The production of only a scintilla of evidence will not suffice to defeat a motion for summary

4

judgment. *Anderson*, 477 U.S. at 252. The general standard for summary judgment cases is applied with added rigor in employment discrimination cases, where intent is inevitably the central issue. *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 371 (7th Cir. 1992). At the same time, however, employment discrimination cases, while often turning on factual questions, are nonetheless amenable to summary judgment when there is no genuine dispute of material fact or when there is insufficient evidence to demonstrate the presence of the alleged motive to discriminate. *Cliff v. Board of School Commrs*, 42 F.3d 403, 409 (7th Cir. 1994). We keep these standards in mind as we now turn to examine the motion before us.

### A. Plaintiff's Title VII Claims

Ms. Gutzwiller claims that defendants discriminated against her on the basis of her sex and/or race. She may attempt to prove her claim of discrimination under Title VII in two ways. She can rely on direct evidence or, in the absence of such evidence, she can rely on the indirect method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Cheek v. Peabody Coal Co.*, 97 F.3d 200, 203 (7th Cir. 1996).

Under the first method, Ms. Gutzwiller must initially prove through direct evidence that her discharge from the Chicago Police Department was based on impermissible factors. *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 686 (7th Cir. 1991). To qualify as direct evidence, the "evidence must not only speak directly to the issue of discriminatory intent, it must also relate to the specific employment decision in question." *Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 569 (7th Cir. 1989). In this case, there is no such direct evidence. Therefore, Ms. Gutzwiller cannot prove through direct evidence that the City of

5

Chicago intentionally discriminated against her.

In the absence of direct evidence of discrimination, Ms. Gutzwiller may attempt to meet her burden of proving intentional discrimination indirectly, by first establishing a prima facie case that: (1) she was within a protected class; (2) she performed her job satisfactorily; (3) she suffered an adverse employment action; and (4) the City of Chicago treated similarly situated employees not in the protected class more favorably. *E.E.O.C. v. Our Lady of Resurrection Medical Center*, 77 F.3d 145, 148-49 (7th Cir. 1996); *Hughes v. Brown*, 20 F.3d 745, 746 (7th Cir. 1994). If an employee fails to establish any of these elements, the claim fails. *DeLuca v. Winer Industries*, 53 F.3d 793, 797 (7th Cir. 1995).

If a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged personnel action. *Hughes*, 20 F.3d at 746; *McDonnell Douglas Corp.*, 411 U.S. at 802. Once the employer states such a reason, the burden returns to plaintiff to establish that defendant's legitimate non-discriminatory reasons are a mere pretext for discrimination. The plaintiff must establish by a preponderance of the evidence that: (1) the non-discriminatory reasons proffered by the employer are false; and (2) discrimination was the real reason for the employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 528 (1993).

In this case, the evidence shows that Ms. Gutzwiller cannot establish the second element of the indirect method, namely that she performed her job satisfactorily. In its investigation, the OPS concluded that Ms. Gutzwiller had harassed her husband through phone calls on two separate dates, and a faxed letter, and therefore had violated Rule 2 of the City of Chicago Department of Police's Rules and Regulations ('[a]ny action or conduct which impedes the

6

Department's efforts to achieve its policy and goals or brings discredit upon the Department."). As a result, the OPS determined that Ms. Gutzwiller was not performing her job satisfactorily, and recommended her discharge. Ms. Gutzwiller argues that calling her husband six times in two hours was nor harassment, but a result of dropped cellular calls, and that the OPS incorrectly held her responsible for the second telephone call and fax to her husband's employer. She further argues that since her interpretation of these events differs from the defendants' interpretation, it is therefore an issue of material fact. We disagree. The issue of material fact would be whether the events occurred, not how the events could be interpreted. Ms. Gutzwiller has acknowledged that she actually called her husband six times in two hours, and that there was in fact a phone call and a fax directed to her husband's employer, in which information relating to her order of protection against her husband was relayed to her husband's employer. Even if the City's decision to discharge her based on these events was "foolish, trivial, or baseless," Ms. Gutzwiller has not shown the City's stated reasons for discharging her to be false. Furthermore, the courts are not super-personnel departments overseeing corporate decisions. *Brill v. Lante Corp.*, 119 F.3d 1266, 1272 (7th Cir. 1997). Even viewing the evidence of the events in the light most favorable to Ms. Gutzwiller, we are unable to find any evidence of discrimination which would prevent us from granting summary judgment to the defendants for the Title VII claim.

Because Ms. Gutzwiller fails to establish a prima facie case for race and sex discrimination under Title VII, it is unnecessary to analyze the subsequent burden shifting, and the defendants' motion for summary judgment under Title VII is granted.

## B.  Plaintiff's ADA Claim

Ms. Gutzwiller also claims that the defendants discriminated against her on the basis of her disability. Under the ADA, "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees...." 42 U.S.C. § 12112(a). The ADA defines "disability" in three ways: (1) a physical or mental impairment that substantially limits one or more of an individual's major life activities; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). To prove a "regarded as" claim, a plaintiff may show either that "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 489-90 (1999); *see also* 29 C.F.R. § 1630.2(l).

When, as here, there is no direct evidence of discrimination, a plaintiff must instead attempt to prove a prima facie case under the familiar scheme of *McDonnell Douglas Corp.*, 411 U.S. at 792. *See DeLuca*, 53 F.3d at 797. A prima facie case under the ADA is established when a plaintiff proves that: (1) she belongs to the protected group; (2) she performed her job satisfactorily; (3) she was subjected to an adverse employment action; and (4) similarly situated employees received more favorable treatment. *See DeLuca*, 53 F.3d at 797. If the plaintiff fails to prove any of these elements, her claim fails. *See id.* However, if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the defendant's employment action. If the defendant clears this hurdle, the burden once again shifts to the plaintiff to show that the defendant's offered reason is merely pretextual.

8

*See id.*

As in our Title VII inquiry above, there is no need to reach the later inquiries of the *McDonnell Douglas* analysis because Ms. Gutzwiller has failed to prove the first element of a prima facie case, that she has a disability and is therefore a member of the protected group. Ms. Gutzwiller alleges that, because Mr. Gutzwiller initiated his complaint by reporting to the OPS that Ms. Gutzwiller used a hearing aid to pass the physical exam at the police academy, and the OPS investigated this charge, the City of Chicago regarded her as having a disability. In order to establish a "regarded as" claim, however, a plaintiff must do more than simply show the employer knew of the impairment. *See Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 510 (7th Cir. 1998). The plaintiff must also show that the employer believed that one or more of the plaintiff's major life activities were substantially limited by the plaintiff's impairment. *See id.*; *see also* 29 C.F.R. § 1630.2(1). Viewing all facts in the light most favorable to plaintiff, we remain unconvinced that the City of Chicago regarded Ms. Gutzwiller as having a disability. The city hired her, despite knowing of her disability through her training at the police academy. In addition, the city undertook no adverse employment action against her which was related to whether or not she wore her hearing aid. No evidence shows that the City of Chicago, mistakenly or not, believed that Ms. Gutzwiller had a physical impairment that substantially limits one or more major life activities.

Because Ms. Gutzwiller fails to establish a prima facie case for discrimination under the ADA, it is unnecessary to analyze the subsequent burden shifting, and the defendants' motion for summary judgment under the ADA is granted.

### C. Plaintiff's Section 1983 Claim

Ms. Gutzwiller reiterates her claims of race, sex and disability discrimination under section 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

First and foremost, a section 1983 claim requires that the plaintiff be deprived of something; plaintiffs must point to another source, either the United States Constitution or federal statutes, for the substantive rights they seek to enforce. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). In this case, Ms. Gutzwiller alleges to have been deprived of her Fourteenth Amendment rights on the basis of race, sex, and disability discrimination by the City of Chicago. However, as has been discussed above, Ms. Gutzwiller has failed to establish that the defendants discriminated against her based on her race, sex, or disability. Therefore, Ms. Gutzwiller has not sufficiently demonstrated any deprivation on which to base a section 1983 claim. As a result, this court concludes that plaintiffs' claims under section 1983 fail as a matter of law.

## CONCLUSION

For the foregoing reasons, defendants City of Chicago, Terry Hillard and Lydia Conlisk's motion for summary judgment [81] is granted.

_____
Wayne R. Andersen
United States District Judge

Dated: January 25/2007