IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILL GUTZWILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 C 7598 |
| ) | |
| CITY OF CHICAGO, CHICAGO ) | |
| POLICE DEPARTMENT, ) | Wayne R. Andersen |
| SUPERINTENDENT TERRY ) | District Judge |
| HILLARD, LYDIA CONLISK, ) | |
| JOHN DOE, OTHER ) | |
| UNKNOWN DEFENDANTS, IN ) | |
| THEIR INDIVIDUAL CAPACITY, ) | |
| and HENRY GUTZWILLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On January 25, 2007, this court granted defendants City of Chicago, Terry Hillard and Lydia Conlisk's motion for summary judgment on all of plaintiff Jill Gutzwiller's remaining claims in her lawsuit. Subsequently, defendants timely filed a bill of costs pursuant to 28 U.S.C. § 1920 and FED.R.CIV.P. 54 (d). Gutzwiller filed timely objections. For the following reasons, this court grants defendants costs in the amount of $2,106.79.

## DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has determined that 28 U.S.C. § 1920 defines the term "costs" as it is used in Rule 54(d). *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Crawford Fitting*

*Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The costs explicitly allowed by § 1920 include: (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. A prevailing party seeking to recover any of these costs must establish that the costs were incurred as a necessary part of the litigation. *See SK Hand Tool Corp. v. Dresser Indus.*, 852 F.2d 936, 943-44 (7th Cir. 1988).

The Seventh Circuit has consistently interpreted Rule 54(d) as providing a strong presumption favoring the awarding of costs to the prevailing party. *Weeks*, 126 F.3d at 945. This presumption "is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.* The district court must determine that the expenses are allowable and that the expenses are reasonable both in amount and necessity to the litigation. *Weilhaupt v. American Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1988). The non-prevailing party must affirmatively demonstrate that the prevailing party is not entitled to costs. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991). "Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Weeks*, 126 F.3d at 945.

In the present case, defendants seek $512.75 in total copying costs for appearances, pleadings, motions, and discovery, $1,691.19 in total deposition costs, and $99.00 in total copying cost of the transcript of a hearing before Magistrate Judge Brown. We now review each of the claimed costs in turn.

*A. Total Copying Costs*

Defendants seek $512.75 for costs incurred in making copies of various motions, filings, appearances, and pleadings, as well as documents prepared in the course of discovery. For these photocopies, defendants charge a rate of $.15 a page. Gutzwiller first argues that the photocopies were not necessarily obtained for use in the case, and, alternatively, that the $.15 charge per page is excessive. This section will address each argument, respectively.

1. Reasonable Necessity

28 U.S.C. § 1920(4) allows for recovery only for "copies of papers necessarily obtained for use in the case." Accordingly, costs for copies used "solely for attorney convenience" and not for "use in the case" are not recoverable. *Alexander v. CIT Tech. Fin. Services, Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Gutzwiller contends that several of the photocopied documents, such as motions for extension of time, agreed motions, and motions for leave, are merely for the convenience of defendants' counsel and should be denied.

However, close inspection of the bill of costs proves this argument without merit. The three copies requested for most of the documents in question include the original document, one document filed with the court, and one copy defendants sent to Gutzwiller prior to electronic filing. Similarly, where two copies are requested, that number includes the electronically filed document and a copy of the document filed with the court. Indeed, these documents were photocopied for the convenience of opposing counsel and the court, rather than for defendants' counsel.

3

When this court has previously found costs for photocopies unreasonable, it has been because § 1920 does not allow a party to recover costs incurred in copying court filings for its own use. *Smith v. Teamsters Local 705*, 1998 WL 887086, at *5 (N.D. Ill., December 11, 1998). Here, we find no evidence that indicates the photocopied documents included in the bill of costs are unnecessary.

2. Reasonable Cost

The only remaining issue is whether the $.15 photocopying rate sought by defendants is reasonable. Gutzwiller argues that any rate above $.10 per page is unreasonable. However, the great weight of authority in this district has held that photocopying rates of up to $.20 per page are reasonable. *See e.g., Trammel v. BASF*, 2002 WL 59114, at *7 (N.D. Ill., January 14, 2002); *Chemetall GMBH v. ZR Energy, Inc.*, 2001 WL 1104604, at *33 (N.D. Ill., September 18, 2001). As such, we find the $.15 photocopy rate sought by defendants is reasonable. For these reasons, defendants are entitled to the $512.75 they seek for total photocopying costs.

*B. Deposition Costs*

Defendants seek $1,691.19 for costs relating to the depositions sought and taken in this case. The costs include court reporter attendance and transcription fees for the depositions of Gutzwiller, and witnesses Shirley Yureskes, Lydia Conlisk, Robert Flores, Steve Maris, Terry Hillard, and Daniel Mahoney. Gutzwiller contends that (1) two of the depositions were not necessary for the preparation of defendants' Rule 56 motion, (2) that she is being charged for unrecoverable "appearance fees," (3) that she is being overcharged for deposition transcripts, and (4) that she is being charged for unrecoverable "cancellation fees" for the deposition of Shirley Yureskes. This section will address each argument, respectively.

4

1. Reasonable Necessity of Depositions

Gutzwiller contends that the depositions of Shirley Yureskes and Steve Maris were not reasonably necessary for defendants' motion for summary judgment, as the depositions were not cited therein. However, a deposition need not be used in a summary judgment motion for the court to find that it was necessary to take the deposition. *Cengr. v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Rather, "the proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken." *Id.* Necessity is viewed "in light of the facts known at the time of the deposition." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.3d 1404, 1410 (7th Cir. 1991).

In the instant case, there are a multitude of reasons that suggest the depositions were reasonably necessary in light of the facts known at the time. Shirley Yureskes is Gutzwiller's mother, and could reasonably be expected to have knowledge of her daughter's marital life, an issue in the case. Indeed, Gutzwiller's own Rule 26(a) disclosure includes Shirley Yureskes, as she had "knowledge of various information relating to the allegations . . . and the circumstances surrounding the events that led to plaintiff's discharge."

Regarding Steve Maris, the other challenged deposition, it was Gutzwiller, and not defendants, who noticed up the deposition. As such, Gutzwiller herself recognized that Maris's deposition was reasonably necessary at the time of its taking. We therefore find that the depositions of Yureskes and Maris were reasonably necessary, their absence in the Rule 56 motion notwithstanding.

5

2. Appearance Fees

Gutzwiller next contends that defendants should not be able to recover so-called "appearance fees," or per diem court reporter charges. However, many Seventh Circuit cases have found court reporter appearance fees reasonable and recoverable. *See e.g., Held v. Held*, 137 F.3d 998, 1001 (7th Cir. 1998). The appearance fee at issue, $35 per hour, is reasonable according to precedent. *See Wagner v. Illinois Dep't of Public Aid*, 2005 WL 731064, at *2 (N.D. Ill., March 28, 2005). We therefore find the court reporter appearance fees requested by defendants to be reasonable and necessary.

3. Deposition Transcripts

Gutzwiller alleges that she is being charged for deposition pages that do not exist. Specifically, she claims that (1) she was charged for 192 pages of the Gutzwiller deposition, while the transcript consists of only 184 pages, (2) she was charged for 197 pages of the Conlisk deposition, while the transcript consists of 192 pages, and (3) she was charged for 84 pages of the Yurekses deposition, while the transcript consists of 76 pages. As a result of this overbilling, Gutzwiller asks for a reduction in costs of $56.15. Defendants assent to this reduction, and the costs shall be so reduced.

4. Cancellation Fees

Gutzwiller further contends that the charge of $140.00 for two cancellations of the Yurekses deposition is not recoverable. Defendants concede this point, and the costs shall be so reduced. For these reasons, we find that defendants are entitled to $1,495.04 of the $1,691.19 they originally sought in deposition costs.

## C. Court Transcript

Finally, Gutzwiller argues that defendants are not entitled to $99.00 for the transcript of a discovery hearing before Magistrate Judge Geraldine Soat Brown. Defendants claim that the transcript was reasonably necessary for proceeding with the case. Indeed, the transcript of the hearing in front of Judge Brown contains detailed and complex discovery orders, including a list of who should be deposed and deadlines for when these depositions should take place. Therefore, we believe the transcript was reasonably necessary for preparation of defendants' case. Gutzwiller does not contest the reasonableness of the $99.00 charge. For these reasons, we find that defendants are entitled to $99.00 for the courtroom transcript.

## **CONCLUSION**

For all of the foregoing reasons, defendants City of Chicago, Terry Hilliard, and Lydia Conlisk are awarded $2,106.79 in costs.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: August 3, 2007